```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARL LANE,                        )
                                  )
          Plaintiff,              )   Civil Action No. 05-1664
                                  )
     v.                           )   Chief Judge Ambrose
                                  )   Magistrate Judge Caiazza
L.S. KERNS-BAN,                   )
                                  )
          Defendant.              )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Defendant's Motion to Dismiss the Second Amended Complaint, (Doc. 73), be granted, and that the Plaintiff's Motion for Summary Judgment, (Doc. 85), be denied.

### II. REPORT

Carl Lane ("Lane" or "the Plaintiff"), is a state prisoner incarcerated at the State Correctional Institution at Fayette. He proceeds *in forma pauperis.* Lane alleges that while incarcerated at the State Correctional Institution at Greene, he defended himself from an attack by another prisoner, but that the Defendant, a Hearing Examiner for the Department of Corrections, twice found him guilty of having provoked the altercation. Lane makes three claims: (1) he alleges that he successfully appealed the first disciplinary decision, and that the Defendant retaliated against him by finding him guilty upon rehearing; (2) he was denied equal protection during the disciplinary

proceeding; and (3) he was denied procedural due process during the disciplinary proceeding.

Interestingly, Lane does not allege that he received any actual disciplinary sanction due to the Defendant's actions. Instead, Lane alleges that he was transferred to another institution on February 25, 2004. (Doc. 71, ¶25). After transfer, he continued his administrative appeal of the second disciplinary proceeding, which resulted in the charges being dismissed. (Id., ¶28). Thus, the ultimate result of the prison disciplinary proceedings ended in Lane's favor.

Presently pending is the Defendant's Motion to Dismiss the Second Amended Complaint, (Doc. 73), and the Plaintiff's Motion for Summary Judgment. (Doc. 85).

A.   **The Legal Standard**

Lane asserts liability against the Defendant pursuant to the provisions of 42 U.S.C. § 1983. To state a claim under Section 1983, Lane must meet two threshold requirements. He must show: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

The standard that a court applies on a motion to dismiss pursuant to Rule 12(b)(6) is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint. <u>Hishon v. Spalding</u>, 467 U.S. 69, 73 (1984); <u>Bartholomew v. Fischl</u>, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in <u>Bell Atlantic Corporation v. Twombly</u>, ___ U.S. ___, 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the standard set out in <u>Conley v. Gibson</u>, 355 U.S. 41, (1957), *i.e.*, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." <u>Id</u>. at 1968 (<u>citing</u> <u>Conley</u>, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Id</u>. at 1965.

Also relevant here is the standard of review applicable to motions for summary judgment. Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.

B.   **The Analysis**

   1. The Retaliation Claim

   "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." See White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir.1990). However, to state a *prima facie* case of retaliation, a prisoner must demonstrate:

> 1) the conduct in which he was engaged was constitutionally protected; 2) **he suffered adverse action at the hands of prison officials**; and 3) **his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him**.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir.2002)(internal citation and quotation omitted)(emphasis added). Here, Lane concedes in the Second Amended Complaint that the disciplinary proceedings were ultimately resolved in his favor. Accordingly, Lane has suffered no adverse action which would support a retaliation claim.

   Further, Lane alleges no facts from which a finder of fact could conclude that the second disciplinary decision was an act of retaliation as opposed to the Defendant's honest, if mistaken, belief that Lane engaged in a fight instead of merely defending himself. Lane's disagreement with the Defendant surrounding the facts of his altercation with another inmate is mired in speculation with respect to his retaliation claim; hence, the Defendant is entitled to have this claim dismissed on this basis

-4-

as well. Twombly, ___ U.S. at _____; 127 S.Ct. at 1965 (allegations in complaint must rise above mere speculation).

### 2. The Equal Protection Claim

Lane also asserts that he was denied his right to equal protection because he was not permitted to present witnesses at his hearing, and also because an improper evidentiary standard was applied by the Defendant. An equal protection violation in a prison setting requires proof that an inmate "was treated differently than others similarly situated as a result of intentional or purposeful discrimination . . . . He must also show that the disparity in treatment cannot survive the appropriate level of scrutiny, which, in a prison setting, means that [a plaintiff] must demonstrate that his treatment was not reasonably related to [any] legitimate penological interests." Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir.2005) (internal citation and quotation marks omitted); see also Wilson v. Schillinger, 761 F.2d 921, 929 (3d Cir.1985).

Here, Lane has failed to identify any racially-based animus or any other improper motivation evidencing disparate treatment. In sum, Lane fails to allege any facts which would support a conclusion that he was treated differently from other inmates similarly situated. Hence, his equal protection claim fails and should be dismissed.

3.  <u>The Due Process Claim</u>

Finally, Lane asserts that he was denied procedural due process with respect to the two disciplinary hearings before the Defendant. In <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), the Supreme Court recognized that under certain circumstances states may create liberty interests protected by the 14th Amendment due process clause. In the prison context, however, "these interests will be generally limited to freedom from restraint . . . which impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin</u>, 515 U.S. at 484. Prison regulations established primarily as guidelines which serve to govern the administration of a prison, such as those insuring the safety and welfare of other inmates, do not necessarily confer rights upon inmates. <u>Id</u>. at 487. Here, Lane himself concedes that he was not denied a liberty interest since the ultimate outcome of the disciplinary proceedings was in his favor, i.e., the misconduct report was dismissed on administrative review. Clearly, there is no possible liberty interest involved in Lane's case which could support a procedural due process claim.

4.  <u>Lane's Motion for Summary Judgment</u>

Having concluded that Lane has failed to state any claims sufficient to withstand a motion to dismiss, he is not entitled to summary judgment with respect to his summary judgment motion.

### III. CONCLUSION

For the reasons set out in this Report, it is respectfully recommended that the Defendant's Motion to Dismiss the Second Amended Complaint, (Doc. 73), be granted, and that the Plaintiff's Motion for Summary Judgment, (Doc. 85), be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by August 8, 2007.

July 23, 2007

Francis X. Caiazza
United States Magistrate Judge

cc:
CARL LANE
AS-1293
SCI FAYETTE
50 Overlook Dr.
LaBelle, PA 15450